UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KELVIN UNDERWOOD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:16-CV-034 JD |
| S. AUDRY, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Kelvin Underwood, a pro se prisoner, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Underwood has raised many claims against many defendants, but only two state a claim. Underwood alleges that after complaining to Psychiatrist Barbara Eichman that his mental health medications were not working, she refused to meet with him to discuss his concerns and on March 3, 2014, "re-prescribed and re-ordered the exact previously complained of medication dosage for Mr. Underwood . . . ." DE 14 at 12. "For a medical professional to be liable for deliberate

indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Prisoners are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence are not deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Nevertheless, "doggedly persist[ing] in a course of treatment known to be ineffective [is] a violation of the Eight Amendment." *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005). Dr. Eichman may have had good reason to re-prescribe medication that Underwood complained was not working, but his allegation as pleaded states a claim for a denial of medical treatment in violation of the Eighth Amendment. Though it is unclear what injury he may have suffered as a result of this prescription, it is clear that this prescription was not the proximate cause of any injury he suffered after his medications were cancelled on March 5, 2014, because Eichman is not alleged to have cancelled them on that date. Therefore Underwood will be granted leave to proceed against Psychiatrist Barbara Eichman for denying him medical treatment in violation of the Eighth Amendment by re-prescribing medication she knew was ineffective on March 3, 2014, and March 4, 2014.

The other claim that Underwood states is against Correctional Officer S. Audry for planting a Remeron pill in his property box so that his medication would be cancelled when it was found on March 5, 2014. Planting evidence does not state a claim if that evidence was used in a prison disciplinary proceeding comporting with *Wolff v. McDonnell*, 418 U.S. 539 (1974), because the

2

procedures required by Wolff provide the necessary due process protections . *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1983). See also *Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006) and *Gidarisingh v. Pollard*, 571 F. App'x 467, 472 (7th Cir. 2014). However, because Underwood did not lose any earned credit time as a result of the subsequent prison disciplinary hearing, he was not entitled to *Wolff* rights. Thus it is unclear whether he received them. Therefore Underwood will be granted leave to proceed against Correctional Officer S. Audry for planting a Remeron pill in his property box so that his medication would be cancelled when it was found on March 5, 2014, thereby denying him medical treatment in violation of the Eighth Amendment.

In addition to those two claims, Underwood presents other allegations in this complaint on which he cannot proceed. He alleges that Nurse Amy Reed, Psychiatrist B. Mazick, and Psychiatrist Barbara Eichman denied him medical treatment in 2013. However he did not mail his original complaint until at least January 7, 2016. DE 3 at 3, DE 4-2 at 2, and DE 6 at 2. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, claims which arose more than two years before Underwood mailed his original complaint are untimely.

Underwood alleges that an unknown person denied him medical treatment on March 5, 2014. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Normally, it would be possible to file an amended complaint after the name of this unknown

defendant was identified, but here, it is too late because the statute of limitations has already expired. "[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

Underwood alleges that Director Rose Vaisvilas, Anthony (Tony) Hobbs, R. Majors, Tim Bean, Director L. A. VanNatta, and Executive Director Hanlon either responded to his grievances, failed to respond to his grievances, and/or did not follow prison policy. However, the "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Moreover, "the alleged mishandling of [his] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Furthermore, the violation of a State prison policy is not a basis for a federal lawsuit. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Underwood names the Indiana Department of Correction as a defendant, but the Eleventh Amendment generally precludes a citizen from suing a state or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits against state officials seeking prospective equitable relief for ongoing violations of federal law are not barred by the Eleventh Amendment; (2) suits based on claims where Congress has abrogated the state's immunity from suit; and (3) suits where the state has consented to suit in federal court. *MCI Telecomm. Corp. v. Ill. Commerce Comm'n*,

183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply in this case. First, the Department of Correction is not a State official. Second, State immunity was not abrogated by the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Third, the State of Indiana has not consented to be sued in this case.

Underwood alleges that Corizon Medical Services did not "remedy unlawful conditions, policies, and customs that they know or should have known about and their otherwise failure to carry out their responsibilities to provide adequate medical care." DE 14 at 6. Private corporations acting under color of state law may, like municipalities, be held liable for injuries resulting from their policies and practices." *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014), *quoting Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir.2012). However, "[a] municipality may not be held liable under § 1983 based on a theory of respondeat superior or vicarious liability." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir.2007). Thus, to state a claim against Corizon, Underwood must allege "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the final force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quotation mark omitted). Here, Underwood does not state a claim because he has not identified any policy or practice which has caused him injury. The only claim associated with Corizon on which he is proceeding is an allegation that one of its physician employees prescribed him ineffective medication on one occasion. Underwood has not plausibly alleged that she did that because of a policy or practice of Corizon. "Misbehaving employees are responsible for their own conduct,

units of local government are responsible only for their policies rather than misconduct by their workers." *Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007) (quotation mark omitted).

Finally, Underwood filed two motions asking the court to serve a copy of the complaint on the defendants. To the extent that he is asking to serve defendants who are being dismissed by this order, the motion must be denied because he has not stated a claim against those defendants and there is no reason to serve them with a copy of the complaint. To the extent that he is asking to serve the remaining defendants, the motion is unnecessary because 28 U.S.C. § 1915(d) requires the court to serve them.

For these reasons, the court:

(1) **DENIES** the motions for service (DE 6 and 18);

(2) **GRANTS** Kelvin Underwood leave to proceed against Psychiatrist Barbara Eichman in an individual capacity for compensatory and punitive damages for denying him medical treatment in violation of the Eighth Amendment by re-prescribing medication she knew was ineffective on March 3, 2014, and March 4, 2014;

(3) **GRANTS** Kelvin Underwood leave to proceed against Correctional Officer S. Audry in an individual capacity for compensatory and punitive damages for planting a Remeron pill in his property box so that his medication would be cancelled when it was found on March 5, 2014, thereby denying him medical treatment in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** the Indiana Department of Corrections, Anthony Hobbs, Rose Vaisvilas, Amy Reed, B. Mazick, Corizon Medical Services, Thomas Hanlon, R. Majors, Tim Bean, Tony Hobbs, L. A. VanNatta, and Unknown;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Psychiatrist Barbara Eichman (DE 15 at 9-10 and DE 17 at 13) and Correctional Officer S. Audry (DE 15 at 17-18 and DE 17 at 10) to the United States Marshals Service along with a copy of the amended complaint (DE 14) and this order;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Psychiatrist Barbara Eichman and Correctional Officer S. Audry; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Psychiatrist Barbara Eichman and Correctional Officer S. Audry respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: May 23, 2016

/s/ JON E. DEGUILIO
Judge
United States District Judge