UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KELVIN UNDERWOOD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:16-CV-034 JD |
| S. AUDRY, et al., | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Kelvin Underwood, a prisoner without a lawyer, is proceeding on the two claims that survived screening. ECF 19 at 6. He is suing Psychiatrist Barbara Eichman for denying him medical treatment in violation of the Eighth Amendment by re-prescribing medication she knew was ineffective on March 3, 2014, and continuing it until March 4, 2014. *Id*. He is also suing Correctional Officer S. Audry for planting a Remeron pill in his property box so that his medication would be cancelled when it was found on March 5, 2014, thereby denying him medical treatment in violation of the Eighth Amendment. *Id*. Each defendant filed a motion for summary judgment arguing that Underwood did not exhaust his administrative remedies before filing suit. ECF 37 and 41. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Citing to the grievance policy (ECF 39-2) filed with the summary judgment motions, Underwood acknowledges that "there is an Offender Grievance Process at Westville Correctional Facility pursuant to IDOC Policy and Administrative Procedure,

policy # 00-02-301 . . . ." ECF 44 at 3-4. Thus, the parties do not dispute either the existence or the terms of this grievance policy. Rather, Underwood argues that he either exhausted his administrative remedies or that they were unavailable. For the reasons explained in this opinion, he did not exhaust his administrative remedies, but there is a genuine issue of fact as to whether the grievance process was available to him.

First, Underwood argues that he exhausted his administrative remedies as to his claim against Psychiatrist Eichman with Grievance #81036. In that grievance, Underwood wrote, "Dr. Eichman is refusing to refill my medication and see me for no reason. It's been (5) months since I seen or talk to her. I been off my meds, the same amount of time." ECF 39-3 at 3. The Court notes that this allegation served as the basis for a claim since dismissed. ECF 19 at 6. Underwood argues this "clearly indicates that there is an issue with his medication and that he is seeking to speak to Eichman to resolve that matter over not receiving his medication . . . ." ECF 44 at 7. However, that grievance was filed on February 25, 2014, more than a week before the events at issue in this case occurred. ECF 39-3 at 3. That grievance states it is grieving an event which occurred on October 24, 2013, more than four months before the events at issue in this case occurred. Moreover, that grievance alleges the opposite of the claim he is raising in this case. In this case, he is alleging that Eichman was re-prescribing ineffective medication, not that she was denying him medication for five months. Furthermore, on appeal from the denial of Grievance #81036, he wrote, "The grievance is on Dr. Eichman and Nurse Reed, for the incident that happen on (10-24-2013) my medication was stop by Nurse Reed and Dr. Eichman." ECF 39-3 at 6.

"[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Here, Grievance #81036 did not put prison authorities on notice of the "shortcoming" he has asserted in his surviving claims. Therefore, even though he completed the administrative process for Grievance #81036, doing so did not exhaust his administrative remedies as to any of the surviving claims.

Alternatively, Underwood argues the grievance process was unavailable when he submitted two grievances related to the claims presented in this case. He declares that "[o]n March 5, 2014, Offender Banks helped me file a grievance for medical re-ordering the same medication at the same dosage that I had been complaining about and I placed a properly filed grievance in the offender mailbox on my dorm C-1 and I received no response." ECF 45 at 5. He also declares "[o]n March 5, 2014, Offender Banks helped me file a grievance against Officer S. Autry for planting a pill in me property box on March 4, 2014. I placed the properly filed grievance in the offender mailbox and I received no response." *Id*. Troy Cambe, a prison official, declares there is no record that either of those grievances were filed at the prison. ECF 39-1 at 3. The defendants argue that Underwood has produced no evidence demonstrating that he actually filed either of them. ECF 46 at 4, and ECF 47 at 3. However, that is incorrect. Underwood's declaration is sufficient evidence to create a genuine issue of fact as to whether they were filed.

The defendants next argue that even if Underwood filed these two grievances, when he did "not receive either a receipt or a rejected form from the Executive Assistant within seven (7) working days of submitting it, [he was required to] immediately notify the Executive Assistant of that fact . . .." ECF 39-2 at 17 and ECF 47 at 4-5; *see also* ECF 46 at 4. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). It is undisputed that Underwood did not immediately notify the Executive Assistant because he waited 15 days when "[o]n March 20, 2014, [he] wrote Timothy Bean requesting a grievance appeal form." ECF 45 at 5.

However, Underwood declares that "[no] staff member at Westville Correctional Facility informed me of the grievance process at Westville Correctional Facility, nor did any staff member inform where I could find information regarding the grievance process." ECF 45 at 4. The defendants are correct that by filing Grievance #81034, Underwood demonstrated that he knew a grievance process existed and he understood how to file a grievance and appeal preliminary denials to the final step. However, nothing about his filing and appeal of Grievance #81034 indicate that he knew anything about what to do if he did not get a response. "Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015). "[P]rison officials must inform the prisoner about the grievance process. The prison cannot shroud the prisoner in a veil of

4

ignorance and then hide behind a failure to exhaust defense to avoid liability." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). The defendants argue Underwood "acknowledge[d] that [he was] oriented regarding . . . Grievances [and] Appeals" (ECF 46-1 at 2) when he signed the Westville Correctional Facility Orientation form on January 25, 2012. Given Underwood's contrary declaration above, that form creates a genuine factual dispute about whether Underwood was informed about what to do if he did not get a response to his grievance. The Court does not regard the form as irrefutable evidence of notice.

These factual disputes mean that the defendants have not carried their burden of proving that Underwood did not exhaust his administrative remedies. Specifically, there are three disputes:

1. Did Underwood properly file a grievance on March 5, 2014, for medical re-ordering the same medication at the same dosage which he complained was ineffective?
2. Did Underwood properly file a grievance on March 5, 2014, against Officer S. Autry for planting a pill in his property box on March 4, 2014?
3. Was Underwood informed what to do if he did not get a response to his grievances?

To resolve these disputes will require holding a *Pavey* Hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). However, the court will not schedule such a hearing unless one or both of the defendants file a motion requesting it.

For these reasons, the motions for summary judgment (ECF 38 and 41) are **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by

5

**October 5, 2017**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED.

ENTERED: August 30, 2017

                                                        /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Judge