UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KELVIN UNDERWOOD,

                Plaintiff,

                v.                      CAUSE NO.: 3:16-CV-34-JD-MGG

BARBARA EICHMAN and S. AUTRY,

                Defendants.

## REPORT AND RECOMMENDATION

This case was referred for a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) to resolve the three factual disputes identified in this court's order (ECF 65) denying the motions for summary judgment:

1. Did Underwood properly file a grievance on March 5, 2014, for Medical re-ordering the same medication at the same dosage which he complained was ineffective?
2. Did Underwood properly file a grievance on March 5, 2014, against Officer S. Autry for planting a pill in his property box on March 4, 2014?
3. Was Underwood informed what to do if he did not get a response to his grievances?

The *Pavey* Hearing was held on September 27, 2018. The prisoner plaintiff, Kelvin Underwood, appeared pro se. Defendant Barbara Eichman appeared by counsel Carol Dillon. Defendant S. Autry appeared in person and by counsel Benjamin Jones. Underwood offered eight exhibits, all of which were admitted. He called three witnesses: Timothy Bean, Troy Cambe, and S. Autry. The defendants offered no exhibits and called only one witness: Kelvin Underwood.

As previously found by the court, "the parties do not dispute either the existence or the terms of [the] grievance policy." ECF 65 at 2. Therefore it is unnecessary to recount the details of that policy here. At the hearing, it was undisputed that Underwood did not exhaust his administrative remedies for either of these two claims (medical re-ordering by Eichman and pill-planting by Autry) by properly filing and appealing as required by the grievance policy. The reason for the hearing was the genuine issue of fact created by Underwood's declaration which stated he tried to file two grievances on March 5, 2014, and no staff member informed him where he could find information about the grievance process.

The first question the court must answer is did Underwood properly file a grievance on March 5, 2014, for medical re-ordering the same medication at the same dosage which he complained was ineffective? In his declaration, Underwood declared, "On March 5, 2014, Offender Banks helped me file a grievance for medical re-ordering the same medication at the same dosage that I had been complaining about and I placed a properly filed grievance in the offender mailbox on my dorm C-1 and I received no response." ECF 45 at ¶ 14. However, during the hearing, he contradicted that statement when he testified that the only grievance he ever filed about Barbara Eichman was Grievance # 81036 where he complained she had refused to renew his medication for five months. The court accepts his testimony about this during the hearing was truthful. Therefore the answer to the first question is NO. Underwood did not properly file a grievance on March 5, 2014, for medical re-ordering the same medication at the same dosage which he complained was ineffective.

The second question the court must answer is did Underwood properly file a grievance on March 5, 2014, against Officer S. Autry for planting a pill in his property box on March 4, 2014? In his declaration, Underwood declared, "On March 5, 2014, Offender Banks helped me file a grievance against Officer S. Autry for planting a pill in me [sic] property box on March 4, 2014. I placed the properly filed grievance in the offender mailbox and I received no response." ECF 45 at ¶ 16. However, during the hearing, he contradicted that statement when he testified that he did not file a grievance against S. Autry on March 5, 2014. The court accepts his testimony about this during the hearing was truthful. Therefore the answer to the second question is NO. Underwood did not properly file a grievance on March 5, 2014, against Officer S. Autry for planting a pill in his property box on March 4, 2014. Though he testified that he did file such a grievance sometime during the following week, his contradictory testimony undermines his credibility on that point.

The third question the court must answer is was Underwood informed what to do if he did not get a response to his grievances? In his declaration, Underwood declared, "No staff member at Westville Correctional Facility informed me of the grievance process at Westville Correctional Facility, nor did any staff member inform where I could find information regarding the grievance process." ECF 45 at ¶ 5. However, during the hearing, he contradicted that statement when he testified that he was told that Westville had a grievance process when he entered the facility. In addition, he testified he knew the grievance policy was available in the law library which he visited weekly. Nevertheless, he testified he did not read the policy nor ask

for assistance from law library (or any) staff with reading or understanding it. Rather he relied on two inmates whom he believed knew what to do. The court accepts his testimony during the hearing about these events was truthful. Therefore the answer to the third question is YES. Underwood was informed what to do if he did not get a response to his grievances. He was told there was a policy and he knew where to get a copy. He had easy and frequent access to the policy which provided that, "If an offender does not receive either a receipt or a rejected form from the Executive Assistant within seven (7) working days of submitting it, the offender shall immediately notify the Executive Assistant of that fact . . .." ECF 39-2 at 17. As the court previously found, "It is undisputed that Underwood did not immediately notify the Executive Assistant because he waited 15 days when '[o]n March 20, 2014, [he] wrote Timothy Bean requesting a grievance appeal form.' ECF 45 at 5." ECF 65 at 4. It is unfortunate that Underwood relied to his detriment on others who did not understand the requirements of the prison grievance policy. Nevertheless, the evidence demonstrates the grievance process available to Underwood, and prison officials did not take any action to prevent Underwood from accessing information about the grievance policy.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d

1022, 1023 (7th Cir. 2002). "[P]rison officials must inform the prisoner about the grievance process. The prison cannot shroud the prisoner in a veil of ignorance and then hide behind a failure to exhaust defense to avoid liability." *Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). However, that is not what happened here. "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Here, the defendants have proven Underwood did not exhaust his administrative remedies before filing this lawsuit.

For these reasons, the Court:

(1) FINDS Kelvin Underwood did not properly file a grievance on March 5, 2014, for Medical re-ordering the same medication at the same dosage which he complained was ineffective;

(2) FINDS Kelvin Underwood did not properly file a grievance on March 5, 2014, against Officer S. Autry for planting a pill in his property box on March 4, 2014;

(3) FINDS Kelvin Underwood was informed what to do if he did not get a response to his grievances; and

(4) RECOMMENDS this case be dismissed without prejudice because Kelvin Underwood did not exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a).

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE**

**OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

SO ORDERED on October 1, 2018

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge