UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KELVIN UNDERWOOD, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:16-CV-034-JD-MGG |
| INDIANA DEPT. OF CORRECTION, et al., | |
| Defendants. | |

OPINION AND ORDER

Kelvin Underwood, a prisoner without a lawyer, proceeds on Eighth Amendment claims of deliberate indifference against Barbara Eichmann for prescribing ineffective medication and against Stacy Autry for planting a pill in his property box, which resulted in the discontinuation of his medication. ECF 19. The defendants filed motions for summary judgment, arguing that Underwood had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). ECF 38, ECF 41. The court denied these motions due to factual disputes and referred the case to Magistrate Judge Michael G. Gotsch, Sr., to conduct an evidentiary hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). ECF 65.

On September 27, 2018, the magistrate judge conducted the hearing and heard testimony from Autry, Underwood, and two grievance specialists. ECF 123. The magistrate judge then issued a report and recommendation, finding that the grievance process was available to Underwood but that Underwood did not complete the

grievance process with respect to his claims. ECF 125. In making these findings, the magistrate judge largely relied on the concessions made by Underwood during his testimony. *Id.* On this factual basis, the magistrate judge recommended that the case be dismissed without prejudice for failure to exhaust administrative remedies. *Id.*

Underwood has now filed an objection to the report and recommendation. Parties may file objections to reports and recommendations within fourteen days. Fed. R. Civ. P. 72(b)(2). In resolving these objections:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The magistrate judge issued a report and recommendation on October 1, 2018.[1] ECF 125. In the report and recommendation, the magistrate judge advised Underwood that he was required to file an objection within fourteen days and that, if he did not, his right to contest the decision would be waived. *Id.* at 5-6. However, Underwood did not file an objection until twenty-two days later on October 23, 2018.[2] ECF 126. Because the objection was untimely, Underwood has waived his right to contest the magistrate judge's findings. *See Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011).

---

[1] The record does not include the exact date that Underwood received the report and recommendation. However, Underwood participates in the Prisoner Electronic Filing Program, which allows him to receive orders more quickly than he would through regular mail. ECF 75. While delays in service are possible even with electronic service, Underwood offers no indication that a significant delay occurred here despite the defendants' focus on the untimeliness of his objection. ECF 127, ECF 128.

[2] This date was provided by Underwood on the certificate of service.

Moreover, even if Underwood had filed a timely objection, his argument is not persuasive. He argues that the magistrate judge should not have credited his testimony at the evidentiary hearing because he has a learning disability and because he was intimidated by the court proceedings. He argues that the magistrate judge should have instead credited his written declaration filed in support of his opposition to summary judgment (ECF 44 at 16-19). To start, Underwood's position at the summary judgment stage was that he filed grievances related to his claims but did not complete the grievance process because he never received responses to the grievances. ECF 44 at 6-13. The defendants responded that the grievance policy requires inmates to notify the Executive Assistant if they do not receive a response to a grievance within seven days.[3] ECF 46 at 4; ECF 47 at 4-5. Because the parties do not dispute Underwood's lack of compliance with this requirement, the critical issue is whether Underwood had access to the information he needed to proceed with the grievance process when he did not receive a response to his grievances.

The magistrate judge found that Underwood had access to this information based on Underwood's testimony that: (1) he was told that a grievance process was available when he arrived at the Westville Correctional Facility; (2) he visited the law library on a weekly basis and knew that it had a copy of the grievance policy; and (3) he did not read the policy or ask correctional staff for any assistance with the grievance

---

[3] The grievance policy states, "If an offender does not receive a receipt or a rejected [grievance] form from the Executive Assistant within seven (7) working days of submitting it, the offender shall immediately notify the Executive Assistant of that fact." ECF 39-2 at 17.

3

policy but instead relied on the advice of other inmates. ECF 125 at 3-4. Though Underwood may have a learning disability, there is no evidence in the record to suggest that he lacks the mental capacity to offer truthful and accurate testimony on these issues, none of which are particularly complex. Indeed, in the same declaration upon which his objection relies, Underwood stated, under penalty of perjury, that he was competent to testify about his use and understanding of the grievance system -- the sole focus of the declaration -- based on his personal knowledge. ECF 44 at 19. In light of the foregoing, even if Underwood's objection was timely, the court would find no error regarding the magistrate judge's decision to credit Underwood's testimony regarding his access to the information he needed to complete the grievance process.

For these reasons, the court:

(1) ADOPTS the report and recommendation (ECF 125) in its entirety; and

(2) DISMISSES this case WITHOUT PREJUDICE on the basis that Kelvin Underwood failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED on December 12, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT